## YOUNGSTOWN SUBURBAN RY CO v JANIS

Ohio Appeals, 7th Dist, Mahoning Co

No 2226. Decided April 8, 1936

Osborne Mitchell, Youngstown, and D. C. Haynes, Youngstown, for plaintiff in error.

A. L. Burgstaller, Youngstown, and Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

· OPINION

By CARTER, J.

It is urged that there was error in the charge of the court. The plaintiff in this case was a trespasser at the time of receiving his injuries, and the only duty the company owed to the plaintiff was to refrain from wilfully or wantonly injuring him. The defendant was charged with negligently, carelessly, wantonly and wilfully injuring plaintiff, by pushing or knocking him with a broom from his hold on the moving electric engine.

Wilful and wanton misconduct are not synonymous. Denzer v Terpelera, 129 Oh St, 1; Reserve Trucking Company v Fairchild, 128 Oh St, 519; Payne, Director General of Railroads v Vance, 103 Oh St, 59.

Wilful misconduct implies intent or purpose to injure. As stated by the Supreme Court in its last pronouncement in the case of Universal Concrete Pipe Co. v Bassett, Ohio State Bar Association Report, March 30, 1936; 130 Oh St, 567: "There must be design, purpose and intent to do wrong and inflict the injury." Wanton misconduct, as defined in the Universal Concrete Pipe Co. v Bassett, supra, is

"Such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act, or failing to act, must be conscious from his knowledge of such surrounding circumstances and existing conditions that his conduct will in all probability result in injury."

This was to some extent a modification of the case of Higbee Company v Jackson, 101 Oh St, 75, and Reserve Trucking Company v Fairchild, 128 Oh St, 519.

The court in the instant case charged as follows:

"Wanton and wilful negligence is reckless disregard for the safety of others, without any particular intention to injure any one."

The court also stated further that:

"Wilful negligence may be shown by indifference to the safety of others after knowledge of their danger or failure after such knowledge, to use ordinary care to avoid injury to them."

Under the above citations, wilful and wanton misconduct are not synonymous. Wanton and wilful misconduct were defined in the same terms in the case at bar. In the case of Reserve Trucking Company v Fairchild, supra, the court in that case charged the jury as follows:

"Wilful or wanton negligence may be defined as a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent impending danger."

The Supreme Court held that this was error. This charge was quite similar to the one given in the instant case. The court in the case of Reserve Trucking Company v Fairchild, supra, held that the phrase "wilful and/or wanton negligence is confusing and misleading, and when employed in the charge to the jury is error."

As suggested above, the court charged wanton and wilful negligence as reckless disregard for the safety of others without any intention to injure anyone. This we believe was erroneous and contrary to the above holdings. The jury was entitled to a clear and full charge on the issue of wilful misconduct, and likewise a clear and full charge on the issue of wanton misconduct. We are satisfied that the charge as given was confusing and misleading to the jury, for the reasons above indicated.

The above cited authorities contain helpful suggestions in dealing with the subject of wilful and wanton misconduct, and particularly in the case of Universal Concrete Pipe Co. v Bassett, supra.

Inasmuch as this case must be reversed and retried, we are not passing on the question of misconduct on the part of counsel for plaintiff, except to suggest that the injection of matter foreign to the issues involved is a dangerous practice and requires reversal when the reviewing court is satisfied that such were prejudicial.

On the question of excessiveness of the verdict we are satisfied that such was at least liberal for the loss of a small toe. However, inasmuch as the case must be retried, it becomes unnecessary to pass upon this question. Having reached the conclusion we have, for the reasons indicated in this opinion, the judgment is reversed and the cause remanded to the lower court for further proceedings according to law.

Judgment reversed.

ROBERTS and NICHOLS, JJ, concur.